UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARLON JAMES PETTIEWAY**       **D.O.C. # 1308765** | **:** | **DOCKET NO. 2:23-cv-00115**       **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **SARAH MONCEAUX, ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court are the original and amended civil rights complaints (docs. 1, 15, 16) filed pursuant to 42 U.S.C. § 1983, by Marlon James Pettieway, who is proceeding pro se and in forma pauperis in this matter. Pettieway is currently incarcerated at the Clay County Detention Center in Liberty, MO. His claims arise out of an incident that occurred while he was incarcerated at the Calcasieu Correctional Center ("CCC") in Lake Charles, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

For reasons stated below, **IT IS RECOMMENDED** that the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**I.**
**BACKGROUND**

Plaintiff alleges that, because of the color of his skin, he was denied a medication that he had been prescribed. Doc. 1, p. 5. Specifically, plaintiff contends that he had been prescribed Remeron, Busbarre and Prozac. Doc. 16. On December 14, 2022, he was told by Nurse Sarah

Monceaux that the prison was no longer providing Remeron. Doc. 15. However, he alleges that a month after he was told the prison no longer provided Remeron, a white inmate told plaintiff that he receives Remeron. *Id*. Therefore, plaintiff has concluded that "this is a clear case of racial discrimination." *Id*.

He also complains that on December 14, 2022, Nurse Monceaux told him that she did not prescribe sleep aids, but on February 8, 2023, she prescribed Zyprexa, stating "this is just like a sleep aid." *Id*.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Pettieway has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Theory of the Complaint*

Pettieway has not pleaded adequate factual content to establish that his claim of racial discrimination by Sgt. Jones and Nurse Monceaux is plausible (as opposed to merely possible), as is required to state a cognizable claim under *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Plaintiff's discrimination claim is wholly conclusory and unsupported by anything other than his own belief that he was the victim of discrimination. That simply does not suffice. *Sandifer v. Tanner*, Civ. Action No. 14-1670, 2015 U.S. Dist. LEXIS 85739, 2015 WL 4168172, at *5 (E.D. La. July 1, 2015) ("Conclusory claims of discrimination do not establish discriminatory intent."); *Harris v. Keith*, No. 13-CV-750, 2013 U.S. Dist. LEXIS 143909, 2013 WL 5516432, at *3 (W.D. La. Oct. 2, 2013) ("[A]n unsupported and conclusory allegation of racial malice is insufficient to state a claim for which relief can be granted."); accord *Gonzales v. Currie*, Civ. Action No. 2:13-CV-201, 2014 U.S. Dist. LEXIS 6972, 2014 WL 222353, at *2 (S.D. Tex. Jan. 21, 2014) ("Neither personal belief nor vague and conclusory allegations are sufficient to raise an equal protection claim.").

Moreover, plaintiff has failed to state a claim for denial of medical treatment. Plaintiff concedes that when Nurse Monceaux discontinued his medication, he "didn't dispute what she said" because she is the nurse. Doc. 16. It wasn't until he "found out" that someone else was

allegedly receiving the medication that he determined he had been "stereotyped, categorized, singled out and racial (sic) profiled." *Id*. In essence, Pettieway disagrees with his medical diagnosis and the subsequent determination to discontinue one of his medications.

An inmate's disagreement with medical treatment does not provide the basis for a viable constitutional claim. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Evans v. Santos*, No. 4:15-CV-72-DMB-JMV, 2017 U.S. Dist. LEXIS 20695, 2017 WL 590301, at *8 (N.D. Miss. Feb. 14, 2017) (dismissing at summary judgment plaintiffs claim that defendants acted with deliberate indifference in discontinuing his prescription, which resulted in plaintiffs hospitalization, because "substituting [plaintiffs] hindsight opinion of what treatment he should have received in place of the medical judgments rendered by professionals at the time he received medical care" does not demonstrate deliberate indifference). Under the foregoing facts, plaintiff has not demonstrated that the defendant "intentionally failed to treat him or ignored his complaints," and therefore cannot establish an Eighth Amendment violation. *Id*.

"Even assuming [Nurse Monceaux] should have prescribed a different medication, such conduct, at most, constitutes negligence which does not amount to deliberate indifference." *Shelby v. Woodall,* 2014 WL 7272986, at *6 (S.D, Miss. Dec. 18, 2014) (dismissing plaintiffs claim that defendant's discontinuance of plaintiff's preferred medication violated plaintiff's constitutional rights).

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) and (ii), as frivolous and for failing to state a claim on which relief may be granted.

-5-

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE